IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-00991-RBJ

ALBERT MICHAEL MURRY,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC, and
WELLS FARGO BANK, N.A., as Trustee for the Certificate Holders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-WCH1,

    Defendants.

## ORDER

This order addresses defendants' motion to dismiss [ECF No. 12]. The motion is granted, and the case is dismissed.

## BACKGROUND

In November 2004 plaintiff Albert Murry borrowed about $150,000 from Olympus Mortgage Company. ECF No. 1, Williams Aff. ¶ 6.A.[1] Mr. Murry executed a promissory note

---

[1] The Court cites to Mr. Murry's affidavits only for background information that was not included in the complaint but is beyond dispute. In the Tenth Circuit, a "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Here, however, Mr. Murry's affidavits are not "documents" that are "central to" his claims; instead, they provide unnecessary evidentiary material that is inappropriate at the pleadings stage. *See Smith v. Hogan*, 794 F.3d 249, 254–55 (2d Cir. 2015); *Copeland v. Aerisyn, LLC*, No. 1:10-CV-78, 2011 WL 2181497, at *1 (E.D. Tenn. June 3, 2011) ("[T]he attachment of deposition excerpts and notes from third-parties constitute extraneous or evidentiary material that should not be attached to the pleadings." (internal quotation marks and citation omitted)); *see also* Fed. R. Civ. P 10(c) ("A copy of a written *instrument* that

and a deed of trust encumbering his real property at 2494 F 1/4 Road in Grand Junction, Colorado (the Property). *Id.* ¶¶ 6.A–B. The deed was eventually assigned to defendant Wells Fargo Bank, N.A. (Wells Fargo). ECF No. 1 at 5. Defendant Ocwen Loan Servicing, LLC (Ocwen) apparently claims to be Mr. Murry's loan servicer. *See id.* at 2; ECF No. 1, Schramm Aff. ¶¶ 4–6.[2]

On February 20, 2013 Ocwen sent a notice of default to Mr. Murry. *Id.* at 5. On September 22, 2014 Wells Fargo initiated a foreclosure proceeding against the Property under Rule 120 of the Colorado Rules of Civil Procedure. *See* ECF No. 1 at 5; Motion for Order Authorizing Sale, *Wells Fargo Bank National Association v. Al Murry*, No. 2014CV30683 (Mesa Cnty., Colo. Dist. Ct. Sept. 22, 2014).[3] Mr. Murry does not contest that he defaulted on his mortgage. *See* ECF No. 1 at 4. Instead, he argues defendants have no legal right to seek

---

is an exhibit to a pleading is a part of the pleading for all purposes." (emphasis added)); Black's Law Dictionary (10th ed. 2014) (defining "instrument" merely as a "legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate.").

[2] Mr. Schramm's bizarre affidavit, ECF No. 1-3, was unpersuasive, to say the least. The affidavit contains numerous dubious claims, including, for example, that counsel for Ocwen and Wells Fargo has no authority to appear on behalf of Wells Fargo, *id.* at ¶¶38, 73, and that Ocwen Federal Bank FSB's involvement in Mr. Murry's mortgage indicates fraud (when that entity has no connection to this case), *id.* at ¶59. The affidavit discloses little of Mr. Schramm's background. Further investigation, however, reveals, among other things, that he has written an e-book entitled "Every Foreclosure is a Fraud"—which, of course, is not true—and he promises desperate homeowners facing foreclosure: "You can be in your home for many months or years before there is a foreclosure, living there for free. The bank might never take your home legally." *Park Place Securities, Inc.*, http://parkplacesecurities.com/. He brags: "We provide the one thing that home owners lack and even a high priced attorney can not [sic] provide and that is Admissible EVIDENCE in the form of Affidavits, Depositions and Live Trial Testimony." *Id.* It seems that his advice to delinquent mortgagors might amount to a strategy of keeping them in their homes by employing various delay tactics. Mr. Schramm's clients should bear in mind that any affidavit submitted to a federal court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," can subject a party to sanctions. Fed. R. Civ. P. 11. I have no reason to believe in this instance that Mr. Murry has knowingly participated in or approved such conduct.

[3] The Court takes judicial notice of the Mesa County District Court proceedings, which are a matter of public record. *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

foreclosure. *Id.* at 16. Nevertheless, the Mesa County District Court issued an Order Authorizing Sale of the Property on October 10, 2014. *See* ECF No. 1 at 5; Order Authorizing Sale, *Wells Fargo*, No. 2014CV30683 (Mesa Cnty., Colo. Dist. Ct. Oct. 10, 2014).

Mr. Murry brought this action in May 2016 to prevent defendants from foreclosing on the Property. ECF No. 1. Defendants have filed a motion to dismiss. ECF No. 12.

## STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

When, as here, a case involves a pro se party, the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Nevertheless, it is not "the

proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A "broad reading" of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Pro se parties must "follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

## ANALYSIS

Mr. Murry raises six claims against defendants for (1) declaratory judgment that defendants have no interest in the Property that would allow them to enforce the promissory note; (2) declaratory judgment that the note and deed were rescinded; (3) wrongful foreclosure; (4) mortgage fraud; (5) violation of 42 U.S.C. § 1985(3); and (6) fraud on the court. Based on these claims, Mr. Murry argues that he is entitled to a preliminary injunction. The Court will address each argument in turn.

### A. **Declaratory Relief**.

First, Mr. Murry contends that neither Ocwen nor Wells Fargo has an interest in the Property because the purported assignment of the promissory note to Wells Fargo is invalid. ECF No. 1 at 6. Because this Court sits in diversity jurisdiction, it follows Colorado's substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Colorado law, the person in physical possession of a note is the note holder. Colo. Rev. Stat. § 38-38-100.3(10). A promissory note holder can freely transfer the note, *see* Colo. Rev. Stat. § 4-3-104, and enforce it, *id.* § 4-3-301. Indeed, a person may be "entitled to enforce the instrument even though the person . . . is in wrongful possession of the instrument." *Id.* Mr. Murry does not dispute that Wells Fargo holds his promissory note. *See* ECF No. 1 at 6; ECF No. 16 at 4–5

("Defendants' [sic] hold only a void deed and cancelled note by operation of federal law."). Therefore, his claim to a declaratory judgment that defendants cannot enforce the note fails as a matter of law.

In the alternative, Mr. Murry argues that he voided the note and deed by mailing a rescission letter to Ocwen on May 6, 2013. ECF No. 1 at 13. The Truth in Lending Act lets consumers rescind a loan under certain circumstances. *See* 15 U.S.C. § 1635 (2012). But the Act exempts "residential mortgage transaction[s]." *Id.* § 1635(e)(1). And, in any event, the Act makes clear that this "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." *Id.* § 1635(f). Consummation of the transaction "means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(12). Here, Mr. Murry became contractually obligated on his loan when he executed the mortgage in November 2004. As a result, if Mr. Murry ever had a right of rescission, then it expired in November 2007—more than eight years before he brought this action.

### B. Wrongful Foreclosure.

Next, Mr. Murry argues that defendants are wrongfully foreclosing on the Property because they allegedly fabricated title-related documents. However, Colorado courts do not recognize wrongful foreclosure claims. *Obduskey v. Fargo*, No. 15-CV-01734-RBJ, 2016 WL 4091174, at *7 (D. Colo. July 19, 2016); *accord Commercial Equity Corp. v. Majestic Sav. & Loan Ass'n*, 620 P.2d 56, 58 (Colo. App. 1980). Mr. Murry thus fails to state a claim upon which relief can be granted.

### C. <u>Mortgage Fraud.</u>

Mr. Murry then asserts that defendants committed mortgage fraud because they misrepresented that they are the owners and holders of the Property's promissory note and deed of trust. But, again, Mr. Murry's claim is deficient because he admits that Wells Fargo is the holder of his note and deed. *See* ECF No. 1 at 6; ECF No. 16 at 4–5. Even if he did not concede this fact, Mr. Murry's conclusory allegation fails to sufficient allege facts to establish the elements of fraud. *See Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013). And under the heightened pleading requirements for fraud claims, Mr. Murry must "set forth the who, what, when, where and how of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). He did not do this either. Therefore, Mr. Murry has not pled a viable claim for mortgage fraud.

### D. <u>42 U.S.C. § 1985(3).</u>

Mr. Murry also claims there is an ongoing conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985(3). This Reconstruction-era statute provides a cause of action where there is "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). However, section 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others." *Id.*

(quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971)). Instead, this provision applies "only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting *Griffin*, 403 U.S. at 101–02). "The other 'class-based animus' language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias." *Id.* Mr. Murry does not allege racial or other class-based discrimination, so he fails to state a claim here as well.

### E. Fraud on the Court.

Last, Mr. Murry contends that "Defendant attorneys" committed fraud on the Mesa County District Court by submitting fraudulent documents and falsely representing that defendants hold the original mortgage documents for the Property. "Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Id.* (*Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996)). But Mr. Murry's claim against "Defendant attorneys" cannot stick to Wells Fargo and Ocwen because these entities are companies, not attorneys, and their attorneys are not parties to this case.

Moreover, even if defendants had committed fraud on the Mesa County District Court, this Court is powerless to do anything about it. Mr. Murry's fraud-on-the-court claim seeks nullification of the Mesa County District Court's order. *See* ECF No. 1 at 10. Federal courts

construe such claims as actions for relief under Rule 60(b). *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005). However, Rule 60(b) expressly applies only to *final* judgments, orders, or proceedings. Fed. R. Civ. P. 60(b). As Mr. Murry recognizes, the Mesa County District Court's Order Authorizing Sale is not final. *See* ECF No. 1 at 3; *see also In re Miller*, 666 F.3d 1255, 1262 (10th Cir. 2012) ("[N]o final judgment is entered in Rule 120 proceedings . . . ."); *United Guar. Residential Ins. Co. v. Vanderlaan*, 819 P.2d 1103, 1105 (Colo. App. 1991) ("[P]roceedings pursuant to C.R.C.P. 120 . . . are not final . . . ."). Accordingly, this claim also must be dismissed.

### F. Preliminary Injunction.

Mr. Murry requests a preliminary injunction. However, because each of his substantive claims is subject to dismissal, Mr. Murry is not eligible for this relief. *See, e.g.*, *Mayhew v. Cherry Creek Mortg. Co.*, No. 09-CV-00219-PAB-CBS, 2010 WL 935674, at *13 (D. Colo. Mar. 10, 2010) ("[T]here is no likelihood of success on the merits, as [plaintiff's] substantive claims are subject to dismissal under Rule 12(b)(6).").

### ORDER

For the foregoing reasons, defendants' motion [ECF No. 12] is GRANTED.

DATED this 21st day of February, 2017.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge