FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3:01 pm, Dec 10, 2021
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

December 9, 2021

In re: *Murry v. Ocwen Loan Servicing, LLC et al, 16-cv-00991-RBJ*

Dear Jeffrey P. Colwell, Clerk:

Pursuant to your letter of November 8, 2021, this is the response by Albert Michael Murry, Plaintiff.

While it is impossible to know what Judge Jackson might have been thinking, or if the ownership of stock influenced – even resided in the back of his mind -- his decision in the instant case – regardless, the attitude and tone of Judge Jackson's opinion (which was published) evidences its own prejudice, especially in regards to the Affidavit which was wholly factual.

Judge Jackson verbally abused Mr. Schramm personally and degraded his business model but never disputed or disagreed with the content of his affidavit or the findings and facts in Mr. Williams affidavit.

Now – years later – this matter comes to the plaintiff, naturally without any guidance of what objection could be made and what the result – if any – this objection might have. There is a big difference if this can vacate the final judgment or is simply a form of judicial complaint, which will be brushed off in any case, especially now that Judge Jackson has Senior Status.

You state in your letter: "…Judge Jackson's disclosure of his conflict of interest." This is misleading to say the least. I must point out the public record establishes that Judge Jackson did not come forward on his own with this disclosure or volunteer the information. This has only resulted due to an investigation conducted and published by the *Wall Street Journal* and re-printed by local publications.

My response to this disclosure is that the tone and attitude of the Court, especially towards the affidavit, is evidence enough that his or wife's stock ownership did not affect his decisions, is open to serious debate. The final

1

judgment in the case be vacated and nullified, with the case being re-opened for further proceedings.

In addition, the published opinion should be withdrawn and quashed. It is my opinion that Judge Jackson displayed a great amount of bias and any and all facts against Wells Fargo were argued or dismissed.

I make no other complaint about Judge Jackson as this state has only one Federal District and I am sure all the judges are friends as well as colleagues, so making any adverse remarks would be pointless and would be adverse to my ongoing bankruptcy case.

I am requesting that this case be reopened to restore the lack of confidence in the justice system. Judge Jackson should have recused himself immediately from this case due to owning stock in Wells Fargo which created an immediate conflict of interest.


Respectfully submitted,

*Albert Michael Murry* (signature)   Date: 10-9-2021
.Albert Michael Murry


Albert Michael Murry
2494 F1/4 Road
Grand Junction, CO  81505
970-361-8688